[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR ORDER OF COMPLIANCE
The motion for order of compliance of the plaintiff against the defendants and their counsel, seeks an order from the court "requiring the defendants and their counsel to act professionally and cease attempting to avoid proper discovery."
As to the deposition of Larry Leadingham, under P.B. Rule 13-30(f), things produced for inspection shall upon the request of a party be marked for identification. The rule also provides that if the person producing the materials requests their return, the court reporter shall mark them, give each party an opportunity to inspect and copy them, and return them to the person producing them, and the materials may then be used in the same manner as if annexed to and returned with the deposition. Since the tape was produced by the defendant and played before the deposition for all four counsel representing parties, and the defendant Leadingham's lawyer agreed to make copies of the tape for all CT Page 11356 counsel, that provision of the rule was substantially complied with. The demand of plaintiff's counsel, Michael Stratton, that the 45 minute tape again be played and transcribed by the court reporter before any questions resumed was unreasonable since not only had he already heard it, but the deponent had to fly back to Indiana that night. The demand of plaintiff's counsel that the tape be marked was, according to the transcript, complied with. The plaintiff's demand that the tape be retained by the court reporter is contrary to Rule 13-30(f), which permits the person producing the taped material to keep it after both parties have the opportunity to inspect and copy. There is therefore no cause to make orders against any defense counsel for this episode at the Larry Leadingham deposition. When plaintiff's counsel then walked out of the deposition, it ended. The defense counsel for PGT, Navistar and Leadingham now moves that the plaintiff be barred by the court from redeposing Larry Leadingham because he traveled to the deposition from the Midwest and plaintiff's counsel walked out. That relief is denied. Whatever fracas occurred at this deposition, the plaintiff's decedent is dead and the plaintiff ought to have the opportunity to depose the truck driver involved in the fatal collision. However, the court does grant certain other of the relief sought. The plaintiff is ordered to bear the reasonable travel costs of Leadingham for the January 17, 1998 deposition, and any court reporter's charges and the actual legal fees of Attorney Walsh for the afternoon of the deposition not to exceed $500.00. As to costs re: a Monaca, Pa., deposition, there is insufficient evidence before the court to warrant the relief the defendant Leadingham seeks and it is therefore denied.
The plaintiff also seeks an order against Attorney Walsh for improper professional conduct at a deposition of Sergeant DeMatteo of the Milford Police Department. Counsel at deposition cannot act unprofessionally or interrupt or use speaking objections or testify for a witness. Hagbourne v. Cambell, 4 Conn. Ops. 36 (January 12, 1998, Vertefeuille, J.). The parties had entered a stipulation at the deposition in which they agreed that "all objections, except as to form, are reserved to the time of trial." Standard stipulations are often entered under which the parties so agree. A party who needs to protect a client from certain questions to a witness must move for a protective order either prior to the deposition or as soon during or after the deposition as the problem area of inquiry becomes known. If he does not do so, but tells his witness not to answer the questions, sanctions or costs should be awarded to the opposing CT Page 11357 party. All questions are to be answered, including those objected to, unless the objecting party secures from the court a protective order precluding or limiting the scope. Section 13-30 of the rules of practice now incorporates many provisions of the usual stipulations and provides: "Evidence objected to shall be taken subject to the objections."
Mr. Walsh objected to Sergeant DeMatteo being asked his opinion about certain matters because of DeMatteo being a fact witness. However, a short time earlier in the deposition, Mr. Walsh had himself asked the sergeant's opinion about fault and the point of impact in the collision which gave rise to this death case. Transcript p. 127. The plaintiff's attorney could ask such questions whether or not they might be admissible at trial. The discovery standard our courts employ, permits inquiry into matters which might lead to admissible evidence and certainly permits plaintiff's counsel to cross examine about opinions already expressed on direct. While Walsh's objection was not proper, the transcript reveals he did not instruct the witness not to answer the question. The question was never answered because the deposition adjourned at that juncture to permit Mr. Stratton to keep another professional commitment. The motion as to Walsh's conduct is therefore denied.
Flynn, J.